853 P.2d 586

**CITY OF LEWISTON, a municipal corporation of the State of Idaho, Plaintiff–Respondent,**

v.

**Margaret LINDSEY, Defendant–Appellant,**

and

**Christine M. Neely, Sid Palmer, Jane Doe Palmer, Idaho First National Bank, L.C. Spurgeon, Defendants.**

No. 19542.

Supreme Court of Idaho.

June 8, 1993.

ON PETITION FOR REVIEW

Review Denied.

DISSENT ON DENIAL OF PETITION FOR REVIEW

BISTLINE, Justice dissenting on denial of Petition for Review.

For this Court to flat out deny review of this petition filed by Lindsey must appear to the trial bar and to the alert and interested citizenry of the state as a cop-out, i.e., a failure of judicial function and abdication of duty to uphold the Idaho Constitution, particularly the section 14 provisions which mandate that private property may be taken for public use only on the condition that the owner is first paid a just compensation for the loss of the property, and which has been held to include the loss or diminution of a property right.

Apparently the last previous Idaho case founded on the right of eminent domain was *State v. Merritt,* 113 Idaho 142, 742 P.2d 397 (1987), an erroneous decision according to the views of Shepard, J., and Bistline, J., both of whom wrote separately to illustrate that the majority opinion was far out of line with existing case law precedent which was thought to preclude a land owner from being divested of property and/or a property right without *first* having received just compensation from the condemning authority.

To the contrary, the slender reed which served as the majority's basis for its decision favoring the state is found in barebones language stating only that there was no destruction of vehicular access to the Merritt property. In the eyes of the three-to-two majority, the remaining vehicular access was thought to be reasonable because the closing of an entrance to the

alley was a mere government regulation and not a taking, and, moreover, private property owners, although they do have a vested right to ingress and egress between an adjoining alley and their private property, do not have a vested ingress and egress from the alley to the street. Justice Shepard aptly said of that scenario, "It is clear to me that by the denial of the previously existing easement of access to Tenth Avenue, the State has taken a portion of Merritt's property as surely as if they had physically appropriated half of his lot." 113 Idaho at 147, 742 P.2d at 402. Because *Merritt* received two strong votes which concluded that it was wrongly decided, it is of utmost importance that this Court, now differently constituted, does not send out the same message in *City of Lewiston v. Lindsey*, a sequel of the same ilk as *Merritt.*

For undisclosed reasons the Court is woefully remiss in not coming to grasp with the *Lindsey* controversy and grappling with issues which we can in a collegial effort come to a conclusion whether or not this Court, as *now* constituted, may determine to accept the ill-starred *Merritt* decision, or, and far more noble, strive to reach an accord which will provide an even-handed disposition for the property owner who per chance is subjected to the government's taking ways.